# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: <br><br> **Samuel Miller Ridgeway,** <br><br> Debtor. | Case No.: 18-01747 JCO <br><br> Chapter 13 |
| **SAMUEL MILLER RIDGEWAY,** <br><br> PLAINTIFF, <br><br> VS. <br><br> **WELLS FARGO BANK, NATIONAL ASSOCIATION,** <br><br> DEFENDANT. | Adversary Case No.: |

## COMPLAINT

COMES NOW the Plaintiff Samuel Miller Ridgeway (hereafter the "Plaintiff" or "Debtor") by counsel, and as Complaint against the above-named Defendant, avers as follows:

### PRELIMINARY STATEMENT

This action arises from the Defendant's acts and omissions regarding Plaintiff's home mortgage loan. At all relevant times, Defendant Wells Fargo Bank, National Association serviced the loan.

Specifically, Defendant failed to properly apply the Plaintiff's loan payments under the terms of the proposed loan modification and wrongfully instituted foreclosure proceedings forcing the Debtor to file bankruptcy. The Defendant also failed to provide a proper response to the Debtor's "qualified written request" (QWR) and a "notice of servicing error" ("NOE") which

requires a response to and reasonable investigation of the borrower's written notice of servicing error under federal law.

Plaintiff seeks actual and statutory damages, plus attorney's fees and costs, for multiple violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1640, 15 U.S.C. 1692k, 12 U.S.C. § 2617 and 28 U.S.C. § 157(b).

2. Venue is proper here because the events giving rise to Plaintiff's cause of action occurred in this district.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

## PARTIES

4. The Plaintiff is a natural person and resident of Baldwin County, Alabama. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Plaintiff is also a Debtor in Case Number 18-01747, presently pending in this Court.

6. Defendant Wells Fargo Bank, National Association ("Wells Fargo") is a corporation formed outside the State of Alabama, with its principal place of business in California.

7. Wells Fargo sends collection letters and places collection calls as a regular part of its business.

8. The mails and interstate wire communications are used to conduct the business of Wells Fargo.

9. Wells Fargo is also a mortgage servicer as is defined by 12 U.S.C. § 2605(i)(2).

## FACTUAL ALLEGATIONS

1. On or about November 15, 2006, Plaintiff and his wife entered into a loan

2

agreement with Wells Fargo Bank, N.A. in the amount of $131,200.00. The loan is secured by a mortgage on Plaintiff's home located at 7310 County Road 24 in Fairhope, Alabama (the "Property").

2. The loan specifically states that Samuel M. and Elvira Ridgeway, husband and wife as Joint Tenants with Rights of Survivorship.

3. In addition to this, the mortgage document was prepared by the lender, Wells Fargo, and insured by Chicago Title #1259751, and processed through its ServiceLink Division. It was filed and recorded with the Judge of Probate, Baldwin County, Alabama on November 27, 2006.

4. Mr. Ridgeway and Mrs. Ridgeway, after over 15 years of marriage, divorced in 2012.

5. Despite this, they continued to live together at the residence and established a common law marriage from that date until her death in November 19, 2016.

6. Due to her passing, and Mr. Ridgeway's reduced household income, he contacted Wells Fargo seeking assistance with the mortgage payment.

7. Soon after, Mr. Ridgeway was approved for a trial modification and made his payments of $640.68 each month for four (4) consecutive months which were May, June, July and August 2016.

8. Soon after making the August payment, Mr. Ridgeway was notified by Wells Fargo that there was a title issue and the loan modification was now void.

9. Clearly this was a mistake as Mr. Ridgeway was never informed of any title issues in relation to the property since the closing of the loan.

10. Even though Mr. Ridgeway continued making his payments under the terms of the loan modification, Wells Fargo began informing him that he was now behind on his loan and

3

threatened foreclosure.

11. Dealing with increased stress, Mr. Ridgeway suffered a stroke and was placed in the hospital for several months. Prior to this, he had been in good health for his age and had no major health issues that affected him prior to the recent issues with Wells Fargo.

12. Confused as to what was happening and concerned that his home would be foreclosed upon, on August 25, 2017, Plaintiff mailed a letter to Wells Fargo. This letter constituted as a "qualified written request" (QWR) and a "notice of servicing error" ("NOE") pursuant to the RESPA, 12 U.S.C. § 2605(e), and its implementing regulations at 12 U.S.C. § 1024.35. at 12 U.S.C. § 1024.35. at 12 U.S.C. § 1024.35. at 12 U.S.C. § 1024.35.

13. Wells Fargo responded to the QWR but in it provided only unsupported and vague reasons why it did not complete the loan modification. Wells Fargo's position inferred that there was no title in Mr. Ridgeway's name.

14. In November 2017, Mr. Ridgeway received an acceleration letter from the law office of Sirote & Permutt stating he owed almost $116,000.00.

15. In December 2017, Mr. Ridgeway retained the law firm of David Vaughn, who on his behalf sent a letter disputing Wells Fargo's denial of the loan modification and overall handling of the matter since cancelling the loan modification.

16. Mr. Ridgeway was met with a refusal from Wells Fargo to make any changes or to resolve the matter in Mr. Ridgeway's favor.

17. Mr. Ridgeway filed for Chapter 13 bankruptcy protection on May 2, 2018 to stop the foreclosure scheduled later that day. The plan provided for payment of the mortgage arrearage that had built up after the denial of the loan modification even though Mr. Ridgeway believed he did not owe that based on his modification.

4

18. On October 23, 2018, Wells Fargo filed a Notice of Mortgage Payment Change effective December 1, 2018. Debtor's mortgage payments changed to $1,005.61, which included an escrow payment of $197.78.

19. Debtor is exempt from property taxes and has continued to pay his home insurance directly as he has for years.

20. On information and belief, Wells Fargo's negligently, wantonly, and/or willfully failed to take action to use the payments of the Plaintiff to satisfy the monthly mortgage payments under the modification as they came due and instead improperly charged Plaintiff fees such as "property inspection", "late fees", "attorney fees" and other various charges to the account.

21. Wells Fargo's negligently, wantonly, fraudulently, and in violation of the fiduciary duties owed by Wells Fargo to Plaintiff, failed to properly communicate with Plaintiff regarding the loan and the modification loan to the great detriment of Plaintiff.

22. Wells Fargo's actions have caused the Debtor mental anguish and mental distress and forced him to file the Chapter 13 bankruptcy to save his home, suffering from further economic harm.

23. Wells Fargo's actions have also caused the Debtor to incur expenses for court costs and litigation.

## COUNT I
### (VIOLATION OF RESPA)

24. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

25. Section 6(d) of the Real Estate Settlement Procedures Act ("RESPA."), 12 U.S.C. § 2605(e), grants borrowers the right to submit a "qualified written request" ("QWR") to the loan

servicer requesting information and documents pertaining to the servicing of his loan. That provision and its implementing regulations also grant borrowers the right to submit a "notice of servicing error" ("NOE"), identifying perceived errors committed by the servicer. 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.35.

26. A NOE must sufficiently identify the borrower, the account and the perceived servicing error. Id.

27. Recognizing the prevalence of servicing errors and the damage they can cause American families if not corrected, the federal Consumer Finance Protection Bureau issued regulations in 2013 which clarified the borrower's rights to have errors corrected and the servicer's duties upon receipt of a NOE. 12 C.F.R. § 1024.35. These regulations became effective in January 2014.

28. Under Section 2605(e) and the implementing regulations servicers must take the following actions upon receipt of a NOE:

   a. Provide a written acknowledgment of the correspondence within five days of the servicer's receipt of the NOE;

   b. Within 30 days conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account and provide the borrower with written explanation of the corrections made, the effective date of the correction and contact information for further assistance;

   c. If, after reasonable investigation, the servicer determines that no error was committed, it must, within 30 days of receipt of the notice, provide the borrower with a written explanation of reasons for its determination, a statement of the borrower's right to request documents relied on by the servicer in reaching its

> determination and contact information for further assistance; either the reason for the servicer's belief that the account is being serviced correctly or a description of the changes made; and
>
> d. Must suspend any adverse credit reporting during the pendency of its investigation.

29. In addition to these requirements, RESPA was amended in 2010 to add additional "servicer prohibitions." 12 U.S.C. § 2605(k). These prohibitions provide that a servicer may not fail to take timely action to respond to a borrower's notice of servicing error relating to allocation of payments. 12 U.S.C. § 2605(k)(C).

30. RESPA requires specific actions be taken by the servicer upon receipt of a NOE, including the conducting a reasonable investigation of the error. The servicer is also required to make all "appropriate corrections" to the account.

31. Plaintiff's mortgage is a "federally related mortgage loan" within the meaning of 12 U.S.C. § 2602(1).

32. Defendant is a "servicer" with respect to Plaintiff's loan as that term is defined in 12 U.S.C. § 2605(i)(2).

33. Plaintiff's August 25, 2017 and subsequent letters as alleged in this complaint constitute a "notice of servicing error" within the meaning of 12 U.S.C. § 2605(e). Wells Fargo was required to reasonably investigate the errors identified in the letter, make all appropriate corrections and provide the information and documents requested.

34. Wells Fargo's response to Plaintiff's NOE was a letter dated October 16, 2017, which contained a very minimal explanation of Mr. Ridgeway's concerns, but in no way resolved the main issue or provided the information required by 12 C.F.R. § 1024.35 in its implementing regulations relating to responses to consumer NOEs.

35. Wells Fargo has violated 12 U.S.C. § 2605(k) in at least the following ways:

   a. Failing to take timely action to respond to Plaintiff's notice of servicing error;

   b. Failing to comply with the requirements set out in Reg X regarding responding to a NOE; and

   c. Continuing to report derogatory information during its investigation.

36. Plaintiff has suffered actual damages as a proximate result of Defendant's failure to comply with Section 2605(e), including mental anguish and emotional distress. Plaintiff's actual damages also include fees, interest and other charges incurred as a result of Defendant's false belief that Plaintiff is in default; loss of equity as a result of Defendant's failure to properly apply payments; and costs incurred in sending the NOE which, because of Defendant's failure to correct its servicing error, were for naught.

37. Defendant has engaged in a pattern and practice of acts and omissions which violate Section 2605(e), including its repeated violations with respect to Plaintiff, sufficient to allow recovery of statutory damages under Section 2605(f).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against Defendant for each violation of RESPA, awarding the following relief:

   a. Statutory and actual damages as provided in 12 U.S.C. § 2605(f);

   b. Reasonable attorney's fees, and costs expended in this proceeding; and

   c. Such other and further relief as the Court may deem just and proper.

## COUNT II
### (BREACH OF MORTGAGE AND NOTE)

38. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

39. Wells Fargo's attempts to collect amounts in excess of those actually owed under the mortgage, modified mortgage and Note constitute a breach of the mortgage and Note. The attempts include, but not limited to, collection attempts through its false mortgage statements. Plaintiff has been damaged as result of Wells Fargo's breach.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Wells Fargo for the following:

a. Actual and statutory damages pursuant to 15 U.S.C. 1692k;

b. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

c. Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT III
### (FRAUDULENT MISREPRESENTATION)

40. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

41. Wells Fargo falsely represented to Plaintiff that his outstanding loan balance was significantly higher than it actually was. These representations were made, *inter alia*, in written monthly mortgage statements sent to Plaintiff as described herein. Those representations were false, and Wells Fargo knew or should have known the representations were false when they were made. The misrepresentations were made willfully to deceive, or recklessly without knowledge or were made innocently by mistake. In any case, the misrepresentations were relied upon by the Plaintiff to his detriment.

42. Plaintiff, justifiably relying on Wells Fargo's false written statements that he owed past dues amounts on his mortgage loan, believed that Wells Fargo would attempt to collect that

9

amount through any means available, including foreclosure. Wells Fargo's continued representations that he owed the money which caused the Plaintiff to seek Chapter 13 bankruptcy protection.

**WHEREFORE,** Plaintiff requests that this Court enter judgment against Wells Fargo for fraud and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
### (FRAUD)

43. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

44. Wells Fargo made misrepresentations of material fact to Plaintiff that, prior to the purported foreclosure sale, the Plaintiff's permanent modification would be implemented.

45. The above misrepresentations were false when made and Wells Fargo knew them to be false. The misrepresentations were made willfully to deceive, or recklessly without knowledge or were made innocently by mistake. In any case, the misrepresentations were relied upon by the Plaintiff to his detriment.

46. These misrepresentations were made verbally and in writing as alleged above.

47. These misrepresentations were part of a pattern and practice of deception and misinformation directed to borrowers in foreclosure which lull them into a believe that the foreclosure will be voided through modification or that the borrowers will receive notice of a decision regarding the modification request prior to the foreclosure sale and will have the

opportunity, prior to the sale, to avoid foreclosure either through reinstatement or exercise of other rights available under law.

**WHEREFORE**, Plaintiff requests that this Court enter judgment against Defendants for fraud and award Plaintiff compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs. Plaintiff further requests such relief as the Court deems just and proper, the premises considered.

**RESPECTFULLY** submitted on this the 30th day of January, 2019.

JAMES D. PATTERSON (PATTJ6485)
KENNETH J. RIEMER (RIEMK8712)
UNDERWOOD & RIEMER, P.C.
Attorney for Plaintiff
2153 Airport Boulevard
Mobile, Alabama 36606
Telephone: (251) 432-9212
E-mail: jpatterson@alalaw.com
kjr@alaconsumerlaw.com

**DEFENDANT IS TO BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESS:**

Wells Fargo Bank, National Association
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, Alabama 36104

11